# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSEPHLOC T. NGUYEN,
       Appellant,

    v.

DEPARTMENT OF HOMELAND
    SECURITY,
       Agency.

DOCKET NUMBER
SF-0432-13-0585-I-2

DATE: October 21, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Josephloc T. Nguyen, Garden Grove, California, pro se.

Meredith A. Johnson, Long Beach, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's action demoting him. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant filed an appeal from the agency's decision to demote him from the position of Import Specialist, GS-11, to Customs and Border Protection (CBP) Technician, GS 7, for unacceptable performance. Initial Appeal File (IAF-1), Vol. 1, Tab 1.[2] On February 27, 2012, the appellant joined Team 723 (a commodities team that focuses on footwear, handbags, and luggage), where his duties were to enforce trade laws and regulations for commercial shipments; recommend seizure, penalties, and/or fines; classify and verify classifications and appraisement of shipments based on documents or samples of goods in the shipment; and handle requests for refunding duties or changing classifications among other duties. IAF-1, Vol. 4, Tab 4 at 148-52 of 158. The appellant's immediate supervisor, the Supervisory Import Specialist, testified that the appellant also received additional intensive training, which took the appellant almost 3 weeks instead of 3 days to complete, due to his repetitive errors in classification. IAF-2, Vol. 2, Tab 7, Hearing Compact Disc (CD) (Dondero). The

---

[2] The administrative judge dismissed the appellant's first-filed appeal without prejudice, and the appeal was automatically refiled. The record in the first-filed appeal is cited herein as IAF-1, and the record in the refiled appeal is cited as IAF-2.

appellant was counseled on April 20, 2012, when he was not showing sufficient progress in learning the duties of the position.  IAF-1, Vol. 3, Tab 10 at 46-48.  When the appellant's performance did not improve in shoe classifications, he was provided new training relating to handbags and luggage, but he continued the same classification issues that he had with shoes.  IAF-1, Vol. 2, Tab 7, Hearing CD (Dondero).  On July 12, 2012, the appellant was issued a letter placing him on a 60-day Employee Proficiency Plan (EPP), the agency's formal performance improvement plan (PIP), based on his unacceptable performance in the three critical areas of Job Knowledge, Technical Skills, and Professionalism.  IAF-1, Vol. 4, Tab 4 at 123-29 of 158.  On October 19, 2012, the appellant's performance was rated unacceptable in the three critical competency areas, and on January 31, 2013, the agency proposed that he be demoted to the position of CBP Technician, GS-7, for unacceptable performance in Job Knowledge, Technical Skills, and Professionalism.  IAF-1, Vol. 2, Tab 4 at 79-101 of 243.  The Director of Field Operations sustained the demotion on May 29, 2013, and it became effective on June 2, 2013.  *Id*. at 66-68 of 243.

¶3    On appeal, the appellant challenged his placement on the EPP and argued that he was not provided a reasonable opportunity to improve.  He also claimed that he was subject to a hostile work environment and demoted because of discrimination based on his race (Asian), national origin (Vietnamese), and sex (male), and in retaliation for having engaged in both union and for equal employment opportunity activity.  IAF-1, Vol. 1, Tab 1, Vol. 3, Tab 9.

¶4    Here, after thoroughly discussing the record evidence regarding the element of Job Knowledge and the five specifications in which the agency identified as unacceptable performance, the administrative judge found that the appellant failed to perform successfully in at least one critical element, Job Knowledge.  IAF-2, Vol. 1, Tab 8, Initial Decision (ID) at 9-16.  Specifically, the administrative judge found that, based on the detailed documentation and the consistent and thorough testimony of the appellant's immediate supervisor, the

agency proved all five specifications of that charge by substantial evidence. Thus, the administrative judge determined that the appellant performed unsuccessfully in one critical element and sustained the charge. ID at 16. Because the administrative judge determined that the appellant performed unsuccessfully in one critical element, she did not address the remaining critical elements. ID at 16. In addition, the administrative judge found that the appellant failed to prove his affirmative defenses and by preponderant evidence. Thus, the administrative judge affirmed the agency's action.

¶5        On review, the appellant has raised numerous allegations that the EPP process was flawed and that the administrative judge made errors in sustaining the charge and affirming the demotion action. Petition for Review (PFR) File, Tab 1. We have considered the appellant's arguments on review; however, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶6        In addition, the appellant argues, inter alia, that the administrative judge erred because she only made findings concerning one of the three critical elements for which he was charged with unacceptable performance. PFR File, Tab 1. The appellant asserts that, because the administrative judge did not make findings on all three critical elements, she failed to undertake a complete review of the record prior to issuing her decision. *See id.* at 12. However, the Board has held that, in chapter 43 performance cases, an agency's submission of substantial evidence showing that the employee's performance was unacceptable in one critical element will result in a final disposition of the case. The failure to consider performance under other critical elements has no impact on the overall

disposition of the appeal because there is no possibility of mitigation and, hence, no need to consider cumulative evidence of unacceptable performance. *See Stein–Verbit v. Department of Commerce*, 72 M.S.P.R. 332, 339–40 (1996); *see also Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 29 n.12 (2013) (the failure to demonstrate acceptable performance under a single critical element will support removal under chapter 43).

¶7      The appellant further contends that the administrative judge erred in finding that he was provided a reasonable opportunity to improve and he argues that the 60-day improvement period was too short. However, the Board has found that even a 30-day PIP can satisfy an agency's obligation to provide an employee with a reasonable opportunity to demonstrate acceptable performance. *Towne*, 120 M.S.P.R. 239 at ¶ 10; *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 33 (2010). Thus, even though the appellant disagrees with the administrative judge's determination that a 60-day improvement period is reasonable, he has shown no error by the administrative judge.

¶8      The appellant also argues that the administrative judge failed to discuss the testimony of all of the witnesses, and thus, she erred regarding her findings on his affirmative defenses. Specifically, the appellant contends that testimony supporting his claim of an "unhealthy working environment" was not discussed in the initial decision. He also asserts that the administrative judge failed to mention testimony from two other witnesses concerning two critical elements not addressed by the administrative judge. PFR File, Tab 1 at 12. However, the administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). In this case, the administrative judge thoroughly analyzed the appellant's affirmative defenses and found that he failed to prove them by preponderant evidence. ID at 19-23. We find no basis upon

which to disturb the administrative judge's findings and determinations on these issues.

¶9        The appellant also asserts that the administrative judge erred by issuing an "oral ruling" prior to the start of the hearing.  The appellant appears to be arguing that the administrative judge was procedurally required to include such a ruling in the initial decision.  PFR File, Tab 1 at 12.  The record reflects that the appellant filed an objection to the administrative judge's ruling in a prehearing order dated December 6, 2014, when the administrative judge did not approve his request to have his medical bills and doctors' notes approved as evidence.  IAF-2, Vol. 1, Tabs 3, 5.  Based on the appellant's written objection, the administrative judge reconsidered her ruling prior to the start of the hearing and reaffirmed that the exhibit was not admitted.  IAF, Vol. 2, Tab 7, Hearing CD.  However, the administrative judge held further that, if she ruled in the appellant's favor on his discrimination claims and a subsequent case would need to be opened for compensatory damages, it would be appropriate to consider the medical evidence at that time.  *Id*.  We find that these actions fall within the administrative judge's broad scope of authority and discretion to control the proceedings before her and the appellant's challenges fail to warrant reversal of the initial decision.  *See, e.g.*, *Miller v. Federal Deposit Insurance Corporation*, [121 M.S.P.R. 88](#), ¶ 20 (2014) (seeking to strike the testimony of an agency witness not included in the initial disclosures but named in the agency file and challenging both the inclusion and the exclusion of documents in the agency file).

¶10        In addition, the appellant asserts that the agency's Assistant Chief Counsel threatened him that, if he filed age and disability claims, the Assistant Chief Counsel would "interfere" with his appeal.  PFR File, Tab 1 at 6, 15.  The appellant contends that he was afraid to raise these arguments earlier on appeal.  *Id*.  However, the appellant has made no showing that these arguments are based

on new and material evidence not previously available despite his due diligence.[3] Nor has the appellant provided any evidence to support his bare assertions. *Id.* Moreover, the record reflects that, to the extent any of the appellant's claims below could be interpreted as age or disability discrimination claims, he withdrew those claims. IAF-1, Vol. 3, Tab 12; ID at 7 n.4.

¶11 Finally, the appellant, who is an e-filer, appears to be asserting that the administrative judge erred by issuing the initial decision without including his name on the certificate of service. PFR File, Tab 1 at 13. However, the record includes the certificate of service, which acknowledges that the Board served the appellant the initial decision by electronic mail. IAF-2, Vol. 1, Tab 9. Moreover, the appellant does not appear to argue that he did not timely receive the initial decision but only that his name was not included on the electronic certificate of service when he received it. PFR File, Tab 1 at 13. Thus, even if we were to find that a procedural error occurred based on the appellant's name not appearing on the electronic certificate of service, such error is of no legal consequence because he has not shown that it adversely affected his substantive rights. *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981).

¶12 In sum, while the appellant disagrees with the administrative judge's findings and determinations in this case, he has shown no basis upon which to disturb the initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

---

[3] *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (under 5 C.F.R. § 1201.115, the Board will not consider arguments or evidence submitted for the first time with a petition for review absent a showing that they were unavailable before the record was closed despite the party's due diligence).

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to

file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:             _____
                                          William D. Spencer
                                          Clerk of the Board

Washington, D.C.